FILED

APR 21 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY EF DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>Lizbett VARGAS,<br><br>Defendant. | ) | Magistrate Case No.: 08MJ8285<br><br>Western District of Texas<br>Case No.: EP-06-CR-1665-FM<br><br>FINDINGS OF FACT AND ORDER OF DETENTION |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. §§ 3141 et seq.), a detention hearing was held on April 9, 2008, to determine whether defendant Lizbett VARGAS, should be held in custody pending trial on the ground that she is a risk of flight. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Matthew Hagen of Federal Defenders of San Diego, Inc., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Report, and the indictment issued against the Defendant in the Western District of Texas, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.

///

///

///

///

# I

## FINDINGS OF FACT

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1):

1. A federal grand jury for the Western District of Texas returned an indictment, Criminal Case No.: EP-06-CR-1665-FM, charging defendant with Count 1: Title 8, United States Code, 1324(a)(1)(A)(v)(I) and (B)(i), Conspiracy/Alien Smuggling and Count 4: Title 8, United States Code, 1324(a)(1)(A)(iii) Harboring Aliens and Title 18, United States Code, Section 2 Aiding and Abetting.

2. The offense charged in Count 1: Title 8, United States Code, 1324(a)(1)(A)(v)(I) and (B)(i), Conspiracy/Alien Smuggling; and Count 4: Title 8, United States Code, 1324(a)(1)(A)(iii) Harboring Aliens; and Title 18, United States Code, Section 2 Aiding and Abetting, is punishable by not more than five years. The resulting offense level is 21, base offense level 12, 2L1.1(a)(3) increased by 9 levels, 2L.1.1(b)2(C). Assuming a Criminal History Category Level of I, the sentencing range for the defendant, if convicted, is 37-46 months.

B. Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1. According to the indictment, defendant further the conspiracy by renting a vehicle to be used to transport illegal aliens. The conspiracy involved the transportation of more than 100 illegal aliens.

2. A warrant for the Defendant's arrest was issued in the Western District of Texas.

3. On March 29, 2008, the Defendant was arrested on a warrant from the Western District of Texas, as she attempted to enter the United States at the Calexico, California, West Port of Entry.

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)

1. The Defendant is a Mexican citizen.

2. The Defendant lives in Perris, California.

3. The Defendant is a Resident Alien of the United States but that status may be in danger if convicted of this offense.

///

///

D. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)

1. The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community.

II

REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offenses charged in the Western District of Texas, Indictment No.: EP-06-CR-1665-FM.

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. The Defendant, therefore, has a strong motive to flee.

C. The Western District of Texas is best suited to determine if there are any conditions that can be set to ensure Defendant's appearance.

Thus, the Court finds that the Government has sustained its burden of demonstrating, by a preponderance of the evidence, that the Defendant is a risk of flight and that there are no conditions or combination of conditions that it could set that would ensure Defendant's appearance for future court appearances.

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///

///

///

///

///

///

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 4-21-08.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

JOHN F. WEIS
Assistant U. S. Attorney

cc: Matthew Hagen
Federal Defenders of San Diego, Inc.